On Motion for Rehearing.
We have carefully reconsidered the case in response to appellee’s earnest motion for rehearing. We adhere to the ruling that under neither pleadings nor evidence could appellee recover wages for his services in the partnership venture. While there was evidence and .allegations that appellee performed the services, and that his services were worth $8 per day, there were no allegations or proof, and there is now no contention by appellee, thg.t the partnership agreement) contemplated that appellee' was to receive wages for these services in addition to his share of the profits.' The agreement alleged and proven was that the two partners were to carry oút the joint undertaking and share, the net profits equally. Appellee seeks to enforce specific performance of a contract, and his recovery will be restricted to the specific! terms of that contract as a matter of course. Appellee has offered to remit the amount awarded him’ as wages, $384, should we adhere to the ruling thereon, as we do.
 We held that the court erred in admitting purely speculative testimony as to what the building in controversy “could” or “should” have been built for, and we adhere to that holding. But we have concluded that, in view of other and properly admitted evidence upon this phase of the ease, that error was rendered harmless. The cause having been tried by the court without a jury it will be presumed under a well-established rule that the court disregarded the improper testimony, and considered only that which was properly in evidence.
It appears that upon the question of the actual cost of razing and replacing the building in question appellee testified that he could—
“furnish an estimate to the court as to what the building work I did cost. This list here is as correct as a man can make it — of what it cost. I made the list myself. It should have .been $2,375.”
After setting out in detail numerous items of which the amount stated was in fact less than the aggregate, the witness proceeded:
“Now, that includes all the necessary items and articles required to build the place, to complete that work, based upon the value of labor / and material at the time, but not the profit.”
We think this evidence, considered in connection with the obvious qualification of the witness, who had been building houses for 40 years, was sufficiently positive and definite to support the judgment based thereon. Besides, it does not appear that appellant or any one for him questioned the accuracy of this testimony or estimate, or offered to supply any other basis for a judgment. It is true the. witness was permitted to speculate and conjecture at large, and much of his testimony was clearly inadmissible, but we have concluded that the trial court was able to and it is presumed he did separate the wheat from the chaff, disregarding the one and giving effect only to the other.
The judgment of unconditional reversal will be set aside, and judgment will now be rendered that appellee take nothing from appellant on his claim for $384, with interest, for wages; in all other respects the judgment will be affirmed at the cost of appellee.
Reversed and rendered in part, and in part affirmed.